**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Johnny E. GLOVER,
Defendant–Appellant.**

No. 89–5169.

United States Court of Appeals,
Tenth Circuit.

Aug. 17, 1990.

Tony M. Graham, U.S. Atty. and John S. Morgan, Asst. U.S. Atty., on the brief, Tulsa, Okl., for plaintiff-appellee.

Robert M. Butler, Tulsa, Okl., for defendant-appellant.

McKAY and BALDOCK, Circuit Judges, and KANE, Senior District Judge *.

KANE, Senior District Judge.

Johnny E. Glover pled guilty as charged with the crime of conspiracy to possess with intent to distribute and to distribute methamphetamine. He was sentenced to 121 months in custody and 5 years of supervised probation. He appeals. We affirm.

Glover asserts that the trial court erred in refusing to allow him to withdraw his guilty plea immediately before sentencing. He claims to be functionally illiterate and that he plead guilty at the urging of his counsel but that he was incapable of understanding the circumstances and the urgency imposed upon him to change his plea from not guilty to guilty. The uncontroverted facts appearing of record, however, do not support his contentions.

The complaint against Glover and two others, naming this appellant, Johnny E. Glover, in a conspiracy count was filed on April 14, 1989. An indictment issued and Glover was arrested. After entering a plea of not guilty, the case was set for jury trial commencing on July 17, 1989 at 9:30 a.m. Throughout this time Glover was represented by counsel who engaged in various, but unproductive, plea bargaining negotiations with the United States Attorney.

On July 14, 1989 new counsel entered his appearance on behalf of Glover and sought a continuance of the trial date. The trial court denied the continuance. On the morning of trial with 12 government witnesses present and ready to testify, exhibits prepared and at hand and a panel of jurors standing by, the defendant announced a desire to withdraw his plea of not guilty and enter a plea of guilty as charged.

* Honorable John L. Kane, Jr., United States Senior District Judge for the District of Colorado, sitting by designation.

At 9:30 a.m. on July 17, 1989, the docket was called and the government announced it was ready for trial. The defendants all announced a desire to withdraw their pleas of not guilty and enter pleas of guilty to the Indictment, as charged. There was no plea agreement, no understanding of cooperation, nor any areas of mitigation. After the calling of the complete docket, the trial court entertained, at about 11:00 a.m., the proceedings to change the pleas.

In accordance with the provisions of Fed. R.Crim.P. 11 the trial court addressed the defendant personally in open court and ascertained his desire to give-up his right to a jury trial. Thereafter, the trial court read word-for-word the entire indictment to establish the complete knowledge of each defendant as to the nature of the charge against him. The court advised of the maximum punishments, and that the sentence was controlled by the applicable sentencing guidelines. Glover admitted no one forced him, threatened him, or compelled him in any way to plead guilty. He also stated no one promised anything; and that he was mentally competent and not under any influences. He advised that he had a seventh grade education, was satisfied with his attorney and that no agreement had been reached in regard to a possible sentence.

Thereafter the court made inquiry into the facts in order to · establish a factual basis for accepting the guilty plea. Glover admitted that "in March or April, somewhere around there, we manufactured five pounds of methamphetamine" for distribution in the Northern District of Oklahoma.

In his Petition to Enter Plea of Guilty, Glover stated: "In about mid-April, I manufactured 5 pounds of methamphetamine at a lab site 15 miles west of Skiatook, Oklahoma. Robert Glover and David Wann assisted me and delivered the drugs for sale to a government informant." He signed this statement under oath in open court with his retained counsel at his side. After the Rule 11 proceeding, the government released its witnesses, the jury panel was released and the case was readied for sen-

tencing on the 22nd day of September, 1989, at 1:00 p.m.

On August 18, 1989, the defendant filed a motion to withdraw his plea of guilty. A hearing was set for September 12, 1989. At the hearing, in the presence of his retained counsel, Glover told the court that it was his desire to withdraw the motion to withdraw his guilty plea. His counsel concurred and the court ordered the motion withdrawn.

On the sentencing date, September 22, 1989, defendant made an oral request to withdraw his plea. The request was denied.

In *Dorton v. United States,* 447 F.2d 401, 411–12 (10th Cir.1971) (footnotes omitted) we said:

A defendant who enters a plea of guilty has no absolute right to withdraw such plea, and it rests within the sound discretion of the court to determine whether, under the pertinent facts and circumstances, the defendant should be permitted to withdraw the plea of guilty.

There is no absolute right to withdraw a plea of guilty, even before the imposition of sentence, and whether such a withdrawal shall be permitted rests within the sound discretion of the court. But an application to withdraw a plea of guilty, made before imposition of sentence, will be considered carefully and with more liberality in favor of the accused than when such an application comes after the imposition of sentence. This does not mean that every motion for withdrawal before sentence should be granted. There is no absolute right to withdraw a plea, and the right to do so is within the sound discretion of the trial court.'

The test to be applied where the motion to withdraw is made before imposition of sentence is fairness and justice.

Here, the trial court adhered to the requirements of Fed.R.Crim.P. 11 with meticulous exactitude. The plea of guilty was made at the eleventh hour with the case, its witnesses, exhibits, jurors, judge, prosecutors and defense counsel ready for trial. No fair or just reason was advanced to

support a withdrawal of the plea. No useful purpose would have been served by permitting the withdrawal. Moreover, the fair interests in the administration of justice would have been seriously disserved. In the face of his admitted and palpable guilt, permitting the defendant to withdraw his plea would only result in a postponement of the inevitable.

The judgment of the District Court is AFFIRMED.